Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



# UNITED STATES DISTRICT COURT

for the

Eastern District of California

Sacramento Division



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| Sonia Randhawa | ) Case No. 2:21 CV 0054 KJM DB |
|  | ) *(to be filled in by the Clerk's Office)* (PS) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) Jury Trial: *(check one)* ☒ Yes ☐ No |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
|  | ) |
|  | ) |
| Intel Corporation | ) |
|  | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

   A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name                          Sonia Randhawa
   Street Address                1550 Iron Point Road, #125
   City and County               Folsom
   State and Zip Code            CA 95630
   Telephone Number              (916) 573-1768
   E-mail Address                SRan.dhawa@hotmail.com

   B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Intel Corporation |
| Job or Title *(if known)* | |
| Street Address | 1900 Prairie City Rd,  Building FM1 |
| City and County | Folsom |
| State and Zip Code | CA  95630 |
| Telephone Number | (916) 377-0087 |
| E-mail Address *(if known)* | jason.t.cooksey@intel.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Intel Corporation |
| Street Address | 1900 Prairie City Rd, Building FM7 |
| City and County | Folsom |
| State and Zip Code | CA  95630 |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

III.    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☒    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*:    Sexual Harassment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

June of 2015 through March 31 2018

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race                North Indian

☒    color               Brown

☒    gender/sex          Female

☒    religion            Hindu

☒    national origin     Australia

☒    age *(year of birth)*    1974        *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Please see the attached 'plaintiff's original verified complaint for damages' with statement of facts, hereby incorporated by reference as it is fully set forth herein.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

I filed EEOC charge on June 4th 2018.

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☒      issued a Notice of Right to Sue letter, which I received on *(date)*     10/15/2020               .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see the attached 'plaintiff's original verified complaint for damages' with statement of facts, hereby incorporated by reference as it is fully set forth herein.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        1/8/2021

Signature of Plaintiff

Printed Name of Plaintiff      Sonia Randhawa

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 555-2018-01463 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Miss Sonia Randhawa | (916) 573-1768 | 1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| PO Box 516, FOLSOM, CA 95763 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| INTEL CORPORATION | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1900 Prairie City Rd, Folsom, CA 95630 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE  ☒ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-31-2018   Latest: 03-31-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired as a Technical Project Manager. I had excellent performance. Without notice I was told my position was being eliminated. I am 43 years old. I am aware that several white and southern Indian folks stayed on.

I applied for various positions within Intel before I would be terminated but Brian Staab would not keep me employed long enough to continue competing internally, therefore I lost all chances of staying with Intel. I found this discriminatory again as it would not have been a hardship to keep me on for another month to ensure I would continue to work at Intel. In 2015, I began to complain of stalking and sexual harassment by a coworker. The complaints continued until the end of 2016, but HR never took action.

I believe I was terminated based on my sex (female) race (North Indian), national origin (Australia), color in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe I was terminated based on my age (43) in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Sonia Randhawa on 12-24-2018 03:02 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Sonia Randhawa**<br>**PO Box 516**<br>**Folsom, CA 95763** | From: | **Oakland Local Office**<br>**1301 Clay Street**<br>**Ste. 680-North**<br>**Oakland, CA 94612** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2018-01463 | **Sarah Lamm,**<br>**Investigator** | **(510) 956-0013** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

For      Sarah Lamm                          10/08/2020

| Enclosures(s) | **Steven T. Hunt,**<br>**Director** | (Date Mailed) |
|---|---|---|

cc:   **Jason Cooksey**
      **ELL Attorney**

      **2200 Mission College Blvd**
      **RNB4-126**
      **Santa Clara, CA 95054**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

1   Sonia Randhawa

2   1550 Iron Point Road, #125

3   Folsom, California 95630

4   Email: sran.dhawa@hotmail.com

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  **SONIA RANDHAWA**,                          No.

11              Plaintiff,

12       v.

13  **INTEL CORPORATION**,

14              Defendant.

15

16  **PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES**

17

18       This is an enforcement action to correct the unlawful employment practice of retaliation

19  and discrimination based upon race and gender in violation of Title VII of the Civil Rights Act of

20  1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII"), the Fair Employment and Housing Act

21  (FEHA), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action seeks to provide

22  appropriate relief to Sonia Randhawa, who was adversely affected by such practice. Plaintiff, Sonia

23  Randhawa ("Ms. Randhawa"), contends Defendant INTEL CORPORATION, ("INTEL") has

24  discriminated against her by reprimanding and terminating her employment because of her race,

25  gender and because she exercised her rights under the Fair Employment and Housing Act (FEHA)

26  and Title VII by filing and resolving a charge of discrimination.

27

28

**PARTIES**

1.        Plaintiff, SONIA RANDHAWA, (hereafter "Ms. Randhawa"), is an individual residing in the State of California at 1550 Iron Point Road, #125, Folsom, California 95630. At all times relevant to the employment cause of action, Ms. Randhawa was employed by INTEL as a Technical Project Manager and her job responsibilities included overseeing the status, progress, and performance of various projects in Intel's Product Engineering Group (PEG) business unit.

2.        Defendant, INTEL CORPORATION, a foreign corporation upon information and belief, is organized and existing under the laws of the State of Delaware. The address of its registered office in the State of Delaware is 1209 Orange Street, in the City of Wilmington, 19801, County of New Castle. The name of its registered agent at such address is The Corporation Trust Company. Upon information and belief, INTEL maintains a principal place of business at 2200 Mission College Blvd, Santa Clara, California 95054. This lawsuit arises from and is connected with INTEL's business in California. At all relevant times, INTEL has continuously been and is now doing business in the State of California and has continuously had at least fifteen (15) employees. At all relevant times, INTEL has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

**JURISDICTION AND VENUE**

3.        Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.        The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.      All conditions precedent to plaintiff's claim for relief have been performed or have occurred. The Equal Employment Opportunity Commission has issued Ms. Randhawa a Notice of Right to Sue letter.

**FACTS RELATED TO ALL CAUSES OF ACTION**

6.      At all times relevant to this action, Ms. Randhawa was an Australian national of North Indian descent.

7.      At all times relevant to this action, S. Phillips was an employee of INTEL.

8.      At all times relevant to this action, S. Phillips was a recently divorced man.

9.      At all times relevant to this action, Mr. Rostocil was an employee of INTEL and Ms. Randhawa's manager.

10.     At all times relevant to this action, Mr. Rostocil and S. Phillips were long-time friends.

11.     At all times relevant to this action, Ms. Randhawa never reported to or was supervised by Mr. Brian Staab.

12.     At all times relevant to this action, INTEL Human Resource Mr. Andy Guerrero investigated Ms. Randhawa's sexual harassment complaints.

13.     At all times relevant to this action, the INTEL employee Indian demographic is dominated by employees of South Indian descent and race wars wage throughout INTEL with each race sheltering and protecting their own race.

14.     In an attempt to repair INTEL's hostile, toxic, cronyism and nepotism, discrimination filled work environment and also improve their diversity numbers, in late 2014 INTEL began a rampage hiring-spree head-hunting and luring outside-INTEL Tech industry experienced women with gifts and promises of an excellent career with many long-term opportunities.

15.     INTEL held "Red Carpet VIP Hire" hiring events to attract valuable, highly skilled, industry experienced female candidates into the company.

16.     On an unknown date in December 2014, INTEL invited Ms. Randhawa from Seattle to attend "Red Carpet VIP Hire" in Folsom for multiple rounds of job interviews. After which Intel hired Ms. Randhawa as a grade 8 Technical Project Manager.

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

17.     Ms. Randhawa relocated from Seattle and began working at Intel in Folsom on Feb 2, 2015. Shortly thereafter, Ms. Randhawa and S. Phillips were paired-up by INTEL employees.

18.     The pairing up of Ms. Randhawa and S. Phillips was ostensibly to provide Ms. Randhawa initial training and to transfer project knowledge as a new hire.

19.     On or about June 1, 2015, Ms. Randhawa complained to INTEL Human Resources that one of her co-workers, S. Phillips, had engaged in a course of conduct and pattern of inappropriate conduct at work. Specifically, S. Phillips:

     a.  Made a comment that Ms. Randhawa should not have been hired and that INTEL spends too much time integrating women into its workforce.

     b.  Made a comment that INTEL was wasting money hiring too many women.

     c.  Used expletive language which included derogatory sexual terms including "bastard", sexual remarks about Ms. Randhawa's makeup and dress, and Ms. Randhawa's figure.

     d.  Suggested during a cold day that he and Ms. Randhawa should "warm up together."

     e.  Began attending Bollywood dance class after he found out that Ms. Randhawa attended such classes at the INTEL gym.

     f.  Asked Ms. Randhawa if she wanted to go on a walk date with him and his daughter.

     g.  Instant messaged Ms. Randhawa about non-work-related matters.

     h.  Asked Ms. Randhawa out on dates.

     i.  Asked Ms. Randhawa to go out for a drink.

     j.  Asked Ms. Randhawa to spend a weekend with him.

     k.  Followed Ms. Randhawa around the INTEL office floor and kept tabs on where Ms. Randhawa went or was going.

     l.  Demanded to know who Ms. Randhawa was speaking to.

     m. Commented that he was going to join Ms. Randhawa in the company gym.

     n.  Joined all of the INTEL social groups Ms. Randhawa was a member of after obtaining information of what groups Ms. Randhawa was a member of.

20.     One of the colleagues interviewed could and did confirm his romantic conduct toward

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1   Randhawa and was being more than just friendly.

2   21.   Other colleagues confirmed that S. Phillips regularly used extreme profanities in the
3   workplace and could be overly direct in his feedback.

4   22.   INTEL completed an investigation of Ms. Randhawa's complaint on or about July 2015.

5   23.   At the conclusion of the investigation, S. Phillips was told by INTEL Human Resources to
6   leave Ms. Randhawa alone and not to be near her.

7   24.   Soon after the investigation was completed, Mr. Rostocil lodged an "Improvement Required
8   (IR)" reprimand against Ms. Randhawa. If the improvement was not met, then Ms. Randhawa's
9   employment status with INTEL would have been terminated for cause.

10   25.   Ms. Randhawa challenged and responded to the inappropriate and vindictive "Improvement
11   Required (IR)" retaliation by filing a new and separate internal HUMAN RESOURCE complaint.

12   26.   INTEL determined that the Improvement Required (IR) lodged against Ms. Randhawa was
13   In-fact false and unjustified and agreed to remove it from Ms. Randhawa's employment file.

14   27.   INTEL refused to sanction or take any removal action against S. Phillips or Mr. Rostocil.

15   28.   Ms. Randhawa moved from the Engineering Group to the I.T. work group in an internal
16   hired transfer to become 'Department Compliance and Controls Manager'

17   29.   An agreement existed at time of job transfer with her manager Mr. Subramanian that Ms.
18   Randhawa a grade 8 would be promoted to Grade 9 after successfully completing one year as
19   'Department Compliance and Controls Manager', in consistence with the grade specified in job
20   advertisement.

21   30.   Ms. Randhawa's new manager Mr. Subramanian was of South Indian descent. He showed
22   favoritism to those that shared his place of national origin, religion, language and more. His team
23   was predominately South Indian employees.

24   31.   Ms. Randhawa was the only North Indian in her team.

25   32.   Southern Indians are a different race with their own different regional culture, darker-
26   complexioned as do Randhawa's South Indian manager and Indian team members.

27   33.   These South Indian team members either live in India or immigrated to US as adults. They
28   brought along with them their Indian traditions of casting, regionalism, discriminatory religion-

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1    based system of practice, like the Ku Klux Klan, into the Intel's team and workplace.

2    34.    Mr. Subramanian with discriminatory pre-assumptions based on Ms. Randhawa's last name,

3    referred to her as a "Sikh" and "Punjabi."

4    35.    Ms. Randhawa is neither of Sikh religion, nor has any connection with Punjab state in India.

5    These types of labels are just like referring to an African American the "N-Word".

6    36.    When convenient, Mr. Subramanian discounted Ms. Randhawa as an Indian and branded

7    her a Caucasian for being an Indian descent person from Australia.

8    37.    For important assignments and projects, Mr. Subramanian favored male employees and/or

9    employees from his own South Indian region.

10   38.    On occasions, Mr. Subramanian would ask that females team members leave the team

11   meeting early and waited till females hung up their call before he continued work discussions with

12   just male team employees.

13   39.    In 2016, Ms. Randhawa learned that S. Phillips was still stalking her when he RSVP'd to

14   attend the same INTEL Indians social event Ms. Randhawa was attending.

15   40.    On or about December 15, 2016, Ms. Randhawa filed a second complaint with INTEL

16   Human Resources alleging that S. Phillips was continuing to harass her.

17   41.    During the second investigation of S. Phillips' conduct, Ms. Randhawa was never

18   interviewed.

19   42.    After two months of silence from INTEL about the second complaint, Ms. Randhawa

20   contacted INTEL Human Resources. At that time Ms. Randhawa was notified that there is nothing

21   INTEL can do to control or restrict where S. Phillips goes on the large INTEL campus.

22   43.    INTEL did not discipline Phillips for using language inappropriate for the workplace or

23   anything else. INTEL also: (1) did not confirm that Ms. Randhawa and S. Phillips no longer worked

24   together, (2) did not instruct S. Phillips to refrain from interacting with Ms. Randhawa; and (3) did

25   not warn S. Phillips that any future violations of Intel's policies would result in discipline, including

26   termination.

27   44.    Ms. Randhawa saw INTEL Human Resources investigator Mr. Andy Guerrero travel to her

28   office building and floor to meet with her manager Mr. Subramanian many times in 2017.

45.     While in the Engineering and I.T. work groups, Ms. Randhawa received multiple awards, accolades, recognitions, and performance-based bonuses indicating that she is a top performer who did commendable work and was well liked.

46.     In early 2017, Ms. Randhawa was denied promotion by Mr. Subramanian despite successfully building an entirely-new complicated security program for the department and executing it into full compliance "all green".

47.     Ms. Randhawa escalated this concern to her department's VP Mr. Aziz Safa via his assistant and Chief of Staff Ms. Kelly Stinson in a formally written email.

48.     Ms. Kelly Stinson without escalating to Mr. Aziz Safa, responded to Ms. Randhawa in a phone call asking her to accept the discrimination, denied promotion and all circumstances as they are - because Mr. Subramanian and Mr. Aziz Safa have been friends for a very long time and have worked together for 20 years, Mr. Aziz Safa is not going to do anything against Mr. Subramanian.

49.     Ms. Randhawa also filed appeal for denied promotion and lack of merit-based rewarding with INTEL Human Resources which was ignored.

50.     In late 2017, INTEL Human Resources commenced a reorganization effort to consolidate the I.T. work group with its supporting business units presumably to create synergies and efficiencies through standardized processes and a centralized structure. Consequently, redundancies were created, and layoffs resulted.

51.     At the time of the reorganization effort, Ms. Randhawa was an I.T. 'Department Compliance and Controls Manager' managing a team of 15 delegates. Her job duties required providing department-level oversight and management for controls and compliance for enterprise applications that INTEL runs its operations on. Additionally, Ms. Randhawa's duties and responsibilities included activities such as monitoring and managing the mitigation of risk resulting from Internal Audit & SOX, Business Continuity and Disaster recovery, Change Management, Privilege Access Controls and security waiver stewardship/management for the Department. Key responsibilities included moderating the department operations and controls activities, coaching team delegates, maintaining 'green' plan and projects, preparing and presenting consolidated Department quarterly reports to departmental directors and the Department Vice President (VP)

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1   Mr. Aziz Safa.

2   52.     To determine which employees would be selected for layoff, INTEL managers subjectively

3   evaluated each employee in their group and assessed their critical skills by applying a skill

4   assessment score for each supervised employee.

5   53.     The skill assessment score was subjectively based on the employee's job code and the

6   manager's personal judgment without providing any employees an exam or test. Employees

7   purportedly received scores based on their critical skills, with a score of 100 or higher representing

8   the top scores. Employees who received lower scores were at risk for layoff as part of the

9   reorganization.

10   54.     Because INTEL had assigned Ms. Randhawa an erroneous job code, the incorrect skill

11   assessment was subjectively performed on Ms. Randhawa.

12   55.     Of the six employees with the same position and grade range as Ms. Randhawa (i.e., Project

13   Managers, Grade Levels 8 to 9), Ms. Randhawa was scored the lowest at 86 and a Caucasian male

14   co-worker scored the second lowest at 89. Both were selected for layoff. The other employees were

15   not selected for layoff.

16   56.     Upon information and belief, a Caucasian male co-worker scoring an 89 was fabricated by

17   INTEL in an unverified team chart to cover-up the targeted termination of Ms. Randhawa. No

18   Caucasian male of that age existed in Ms. Randhawa's team.

19   57.     In the planning process of restructure and layoffs, INTEL's Managers also questioned

20   employees about their immigration status in the United States. Those foreign workers that were still

21   proceeding through their citizenship or alienship process were safeguarded, regardless of their

22   performance or work completion of their assignments. Said employees maintained their

23   employment at INTEL in order to allow them to stay in the United States to continue their

24   employment status.

25   58.     Ms. Randhawa's manager, being South Indian, he assigned high skill assessment scores and

26   saved all his South Indian team members.

27   59.     Ms. Randhawa was purposely scored lower because she is of North Indian descent.

28   60.     Ms. Randhawa doesn't fit into any single race category.

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

61.    INTEL employee Mr. Brian Staab informed Ms. Randhawa that she was being laid off due to her "Job Code" not matching the work that she was doing. He immediately triggered, without hesitation, her layoff in the Human Resource System as, "Job Eliminated" even though her job was continuing and unaffected by cuts.

62.    Weeks prior in December 2017, Ms. Randhawa received an email from her actual manager Mr. Subramanian telling her that her job code is incorrect and he needs to change it in the INTEL Human Resources system before the organizational restructure.

63.    Ms. Randhawa inquired and informed Vice President Mr. Aziz Safa's assistant and Chief of Staff Ms. Kelly Stinson about her incorrect job code and how it was resulting in her layoff. Conflicting information was provided by Ms. Kelly Stinson in an email that, "job codes will be changed after the layoffs."

64.    Randhawa was running a crucial ongoing security program for Mr. Aziz Safa's I.T. Department and her job was not affected in the restructuring process. Ms. Randhawa's layoff created a backfill position which INTEL tried to hire another candidate for while Ms. Randhawa was still at INTEL awaiting her layoff exit date of March 31, 2018.

65.    Additionally, Ms. Randhawa received an email from Ms. Kelly Stinson admitting that Ms. Randhawa's layoff created a backfill position for her position and that INTEL was having difficulty finding a suitable replacement for Ms. Randhawa.

66.    Employees selected for layoff – such as Ms. Randhawa – were allowed to seek re-hire within INTEL. Employees selected for layoff were notified of the decision on or about January 18, 2018 and were provided a final date of employment of March 31, 2018.

67.    During the ten-week period between January 18, 2018 and March 31, 2018, employees were allowed and encouraged to take advantage of INTEL's internal career services and apply to any open positions.

68.    During the ten-week period mentioned above, Ms. Randhawa applied for over fifty suitable employment opportunities within INTEL.

69.    One INTEL employment opportunity Ms. Randhawa was being seriously considered for required her to remain employed at INTEL past the layoff date of March 31, 2018 for internal job

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1  processing to continue.

2  70.     INTEL Human Resources has an enacted layoff policy that in such circumstances an

3  extension on layoff date is allowable when the hiring manager requests the extension. Said policy

4  remains in full force and effect as of the date this lawsuit is filed.

5  71.     Ms. Randhawa's hiring manager sent a layoff extension to INTEL Human Resources

6  requesting a two-week extension to Ms. Randhawa's layoff date to enable her to be rehired.

7  72.     Ms. Randhawa's layoff extension request was subsequently denied when similarly situated

8  employees designated for layoff were approved.

9  73.     As a result of Ms. Randhawa's layoff extension being denied, she was unable to be rehired

10  within INTEL prior to her layoff.

11  74.     Based on INTEL's 'Disclosure for Involuntary Separation' document, several laid-off I.T.

12  employees continued their employment until mid or late 2018, past the official I.T. layoff exit date

13  of March 31, 2018.

14  75.     Selected I.T. employees were favorably retained with temporary transfer into non-IT

15  organizations and after the layoffs were brought back into I.T. to refill their same I.T. jobs they

16  previously held.

17  76.     In 2017, Mr. Subramanian had informed Ms. Randhawa in a one-on-one meeting that he

18  was not completing a performance review of a non-Indian female team member. This team member

19  faced with poor performance was deliberately saved in 2018 layoffs by having her '2017

20  performance review' completed by a friend ex-manager.

21  77.     Ms. Randhawa accepted this information in 2017 without questioning it at the time as she

22  did not think she was being setup for layoffs.

23  78.     Further establishing INTEL's discrimination with biased and selective treatments of

24  employees.

25  79.     INTEL has allocated a special budget to HUMAN RESOURCES for retaining diversity

26  candidates at risk of leaving Intel in 'Employee Diversity Retention Program' which was created to

27   retain valued diversity candidates such as Ms. Randhawa.

28  80.     Randhawa, a valued senior female hired into diversity 'Red carpet VIP' requested help of

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1   INTEL 'Employee Diversity Retention Program' Human Resources to extend her employment at

2   Intel but they failed and refused to do so.

3   81.     INTEL did not consider an Indian Female as a diversity candidate for purposes of retention.

4

5                    **FIRST CAUSE OF ACTION:**

6                        **RETALIATION**

7   82.     Ms. Randhawa incorporates the preceding paragraphs as though they are fully set forth

8   herein.

9   83.     Ms. Randhawa engaged in protected activity when she complained about discrimination

10   and harassment based on gender.

11   84.     In retaliation for Ms. Randhawa's complaints, INTEL disciplined her by terminating her

12   employment.

13   85.     The effect of the events described above has been to deprive Ms. Randhawa of equal

14   employment opportunities in retaliation for exercising her federally protected rights.

15   86.     The unlawful employment practices described above were intentional.

16   87.     The unlawful employment practices described above were done with malice or with

17   reckless indifference to the federally protected rights of Ms. Randhawa.

18   88.     The retaliation endured by Ms. Randhawa would dissuade a reasonable employee from

19   making complaints of discrimination and harassment.

20   89.     INTEL retaliated against Ms. Randhawa for engaging in protected activity in violation of

21   Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

22   90.     As a direct and proximate cause of INTEL's retaliation, Ms. Randhawa incurred and is

23   continuing to incur substantial damages. Accordingly, Ms. Randhawa seeks recovery of the full

24   measure of relief and damages, including compensatory and punitive damages, provided by Title

25   VII of the Civil Rights Act. Ms. Randhawa requests that the Court enjoin INTEL from any further

26   unlawful, age and disability-based discrimination and order INTEL to make Ms. Randhawa whole

27   by reinstatement, payment of back pay, interest on back pay, court costs and any reasonable

28   attorney's fees. Moreover, Ms. Randhawa seeks recovery of damages for future pecuniary losses,

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1    emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-

2    pecuniary losses, and punitive damages.

3                          **SECOND CAUSE OF ACTION:**

4                          **WRONGFUL TERMINATION**

5              **UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

6    91.     Ms. Randhawa incorporates the preceding paragraphs and allegations as though they are

7    fully set forth herein.

8    92.     In addition to other counts, Ms. Randhawa sues defendant INTEL for violating Title VII of

9    the Civil Rights Act and causing Ms. Randhawa harm.

10   93.     INTEL intentionally discriminated against Ms. Randhawa because of her race and gender

11   in violation of the Title VII of the Civil Rights Act.

12   94.     INTEL committed unlawful employment practices against Ms. Randhawa because of her

13   race in violation of Title VII of the Civil Rights Act.

14   95.     INTEL intentionally discriminated against Ms. Randhawa because of her complaints of

15    sexual harassment in violation of Title VII of the Civil Rights Act.

16   96.     INTEL was motivated by Ms. Randhawa's race and gender.

17   97.     Ms. Randhawa requested her layoff date to be extended in order to enable her to be re-hired

18   within INTEL and INTEL refused to extend said date despite extending the layoff date to other

19   similarly situated employees designated to be laid off.

20   98.     INTEL has no legitimate, non-discriminatory reason for their treatment of Ms. Randhawa.

21   99.     Ms. Randhawa exhausted all available required administrative remedies before filing suit.

22   100.    As a direct and proximate cause of INTEL's race and gender discrimination and Ms.

23   Randhawa's wrongful termination, Ms. Randhawa incurred and is continuing to incur substantial

24   damages. Accordingly, Ms. Randhawa seeks recovery of the full measure of relief and damages,

25   including compensatory and punitive damages, provided by Title VII of the Civil Rights Act. Ms.

26   Randhawa requests that the Court enjoin INTEL from any further unlawful, age and disability-

27   based discrimination and order INTEL to make Ms. Randhawa whole by reinstatement, payment

28   of back pay, interest on back pay, court costs and any reasonable attorney's fees. Moreover, Ms.

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1   Randhawa seeks recovery of damages for future pecuniary losses, emotional pain, suffering,

2   inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and punitive

3   damages.

4                                    **DAMAGES**

5   101.    Ms. Randhawa incorporates the preceding paragraphs and allegations as though they are

6   fully set forth herein.

7   102.    As a result of INTEL' unlawful conduct, Ms. Randhawa has suffered and will continue to

8    suffer damages in the form of lost back wages, lost future wages/front pay, direct damages,

9   consequential damages, compensatory damages for future pecuniary losses, emotional pain,

10   suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary

11   losses.

12                              **EXEMPLARY DAMAGES**

13   103.    Ms. Randhawa incorporates the preceding paragraphs and allegations as though they are

14    fully set forth herein.

15   104.    Ms. Randhawa is entitled to punitive damages from INTEL because INTEL acted with the

16   malice required to support an award of exemplary damages. INTEL acted with a specific intent to

17   cause injury to Ms. Randhawa as well as with conscious indifference to the rights, safety, or welfare

18   of Ms. Randhawa with actual awareness that its conduct involved an extreme degree of risk of harm

19   to Ms. Randhawa. In particular, INTEL knew its actions would harm Ms. Randhawa, and they

20   knew it should pay Ms. Randhawa, but it still refused to either take proper actions or ameliorate its

21   wrongful actions.

22   105.    Additionally, INTEL engaged in race and gender discrimination with malice or reckless

23   indifference to Ms. Randhawa's rights and retaliated against Ms. Randhawa while she was in a

24   protected group.

25   106.    INTEL failed to extend Ms. Randhawa's layoff date which would enable her to be re-hired

26    by INTEL despite a request to extend said date by Ms. Randhawa's manager. INTEL retaliated

27   and terminated Ms. Randhawa because of her race and gender and Ms. Randhawa is thus entitled

28   to exemplary damages.

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

**JURY DEMAND**

107.   Ms. Randhawa hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (a).

**PRAYER FOR RELIEF**

108.   For these reasons, Ms. Randhawa asks that the Court issue citation for INTEL, INTEL CORPORATION, to appear and answer, and that Ms. Randhawa be awarded a judgment against INTEL and respectfully requests that this Court:

    a.  Grant a permanent injunction enjoining INTEL, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who complain about discrimination;

    b.  Order INTEL to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who exercise their federally protected rights to complain about discrimination and which eradicate the effects of its past unlawful employment practices;

    c.  Order INTEL to make whole Ms. Randhawa by providing appropriate backpay with prejudgment interest, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay;

    d.  Order INTEL to make whole Ms. Randhawa by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and medical expenses;

    e.  Order INTEL to make whole Ms. Randhawa by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

f.  Order INTEL to pay Ms. Randhawa punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

g.  Order INTEL to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;

h.  Grant such further relief as the Court deems necessary and proper in the public interest; and

i.  An award of court costs, any fees and expenses.

Respectfully Submitted,

*Randhawa*

SONIA RANDHAWA

Plaintiff, pro se

1550 Iron Point Road, #125

Folsom, California 95630

Email: sran.dhawa@hotmail.com

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES

1

2  **VERIFICATION**

3      I, SONIA RANDHAWA, hereby declares under penalty of perjury pursuant to 28 U.S.C. §

4  1746 that I am over 18 years of age, competent to make this verification, and that I possess personal

5  knowledge of the facts stated in the foregoing Original Verified Complaint for Damages, and said

6  facts contained therein are true and correct.

7  VERIFIED under penalty of perjury on this _8th_ day of January, 2021.

8

9                              _Randhawa_

10                              SONIA RANDHAWA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DAMAGES