MARTA R. VANEGAS, ESQ. (SBN 278328)
BRITTANY C. TOTH, ESQ. (SBN 324593)
**MARTIN & VANEGAS, APC**
3100 Oak Road, Suite 230
Walnut Creek, CA 94597
Phone: (925) 937-5433
Facsimile: (925) 938-5567

Attorneys for Plaintiff
Sonia Randhawa

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonia Randhawa,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Intel Corporation and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:21-CV-00054-KJM-DB<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;**<br>2. **SEX DISCRIMINATION IN VIOLATION OF FEHA;**<br>3. **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA; AND**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

　　PLAINTIFF SONIA RANDHAWA (hereinafter "PLAINTIFF"), by and through her attorneys, demands a jury trial on all causes of action set forth in this pleading and complains and alleges as follows:

//

//

//

//

## PARTIES

(1) At all relevant times herein, PLAINTIFF, an individual, has resided at 1550 Iron Point Road, #125, Folsom, California, 95630 and has been a citizen of the State of California.

(2) PLAINTIFF is informed and believes and thereupon alleges that Defendant Intel Corporation is, and at all times mentioned in this Complaint has been, a multinational corporation and technology company headquartered in Santa Clara, California. Intel Corporation maintains a principal place of business at 2200 Mission College Blvd., Santa Clara, California 95054.

(3) The true names and capacities of defendants named herein as Does 1 through 20 are unknown to PLAINTIFF but will be inserted herein by amendment when they have been ascertained.

(4) PLAINTIFF is informed and believes that the Doe defendants are California residents and/or owners, employees, agents, and/or Directors of Intel Corporation conducting business in the State of California. (Defendant Intel Corporation and Doe defendants referred to together as "DEFENDANTS.")

(5) PLAINTIFF is informed and believes, and thereupon alleges, that each of the DEFENDANTS herein was at all times relevant to this action the owner, agent, representative, employee, subsidiary, or joint-venturer of one or more of DEFENDANTS and was acting within the course and scope of that relationship. PLAINTIFF is further informed and believes, and thereupon alleges, that each of the DOE DEFENDANTS engaged in, gave consent to, ratified, and/or authorized the acts alleged herein.

## JURISDICTION

(6) This Court has jurisdiction pursuant to Article III of the United States Constitution; 28 U.S.C. §1331 [federal question jurisdiction] because PLAINTIFF has alleged a violation of federal law.

(7) This Court has personal jurisdiction over DEFENDANTS because DEFENDANTS maintain a place of business in California.

//

*Randhawa v. Intel Corporation, et al.*
FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## VENUE

(8) At all times relevant herein, PLAINTIFF was employed by DEFENDANTS at 1900 Prairie City Road, Folsom, California, 95630, in the County of Sacramento. The employment practices complained of herein all occurred in the County of Sacramento, State of California. Therefore, venue is proper in the Eastern District of California.

## INTRODUCTION

(9) PLAINTIFF is a female who is, and at all relevant times was, a resident of Sacramento County, California.

(10) PLAINTIFF is informed and believes, and thereupon alleges, that DEFENDANTS is, and at all relevant times herein mentioned was, doing business in Sacramento County, California.

(11) At all relevant times herein, PLAINTIFF was employed by DEFENDANTS under an employment agreement that was partly written, partly oral, and partly implied.

(12) At all relevant times herein, Defendant Intel Corporation was an employer covered by Title VII of the Civil Rights Act of 1964 as an entity regularly employing fifteen or more employees.

(13) At all relevant times herein, Defendant Intel Corporation was an employer covered by the California Fair Employment and Housing Act ("FEHA"), Government Code § 12926(d), as an entity regularly employing five or more employees.

## SPECIFIC FACTUAL ALLEGATIONS

(14) At all times relevant herein, PLAINTIFF was an employee of Defendant Intel Corporation.

(15) On or around February 2, 2015, PLAINTIFF was hired by DEFENDANTS as a Technical Project Manager.

(16) Throughout her employment with DEFENDANTS, PLAINTIFF was consistently promoted and earned several awards and accolades for her work performance. PLAINTIFF continued to receive stellar performance reviews and was highly regarded among staff and senior management.

(17) Shortly after PLAINTIFF was hired, DEFENDANTS told PLAINTIFF that she would be promoted to a Grade Level Nine position.

(18) Shortly after PLAINTIFF was hired, PLAINTIFF's coworker, Sam Phillips, engaged in a succession of inappropriate conduct directed towards PLAINTIFF at the workplace.

(19) On or about June 1, 2015, PLAINTIFF complained to Intel Corporation's Human Resources department about Mr. Phillips' behavior.

(20) Shortly after, DEFENDANTS issued PLAINTIFF an Improvement Required Notice ("IRN").

(21) Upon information and belief, this IRN falsely accused PLAINTIFF of poor performance.

(22) PLAINTIFF filed another complaint with Intel Corporation's Human Resources department, alleging that the IRN was in retaliation for her harassment complaint.

(23) Shortly after PLAINTIFF's complaint, DEFENDANTS removed the IRN from PLAINTIFF's employment file.

(24) Upon information and belief, Mr. Phillips continued to work for DEFENDANTS.

(25) In or around February 2016, PLAINTIFF became Department Compliance and Controls Manager.

(26) In or around February 2016, Ramani Subramanian became PLAINTIFF's new manager.

(27) Upon information and belief, Mr. Subramanian chose male employees for work assignments or projects instead of PLAINTIFF.

(28) Upon information and belief, during phone meetings Mr. Subramanian would ask PLAINTIFF to hang up and then continue talking with the male employees.

(29) On or around December 15, 2016, PLAINTIFF filed another complaint with Intel's Human Resources department alleging that Mr. Phillips continued to harass her at work. Despite making a second harassment complaint, the harassment continued unabated.

(30) In or around January 2017, Mr. Subramanian denied PLAINTIFF a promotion to a Grade Level Nine position despite already performing the duties of a Grade Level Nine job.

(31) PLAINTIFF immediately escalated this issue to her department's Vice President's assistant, Ms. Kelly Stinson, via email.

(32) Ms. Stinson told PLAINTIFF to ignore the discrimination and promotion issues because the Vice President, Mr. Aziz Safa, and Mr. Subramanian "have been friends for a very long time" and Mr. Safa is not going to do anything about Mr. Subramanian's behavior.

(33) PLAINTIFF filed an appeal based on her denied promotion and lack of a merit-based pay increase. Upon information and belief, DEFENDANTS never followed up on this appeal.

(34) In or around 2017, DEFENDANTS engaged in a reorganization effort, which resulted in layoffs.

(35) Upon information and belief, DEFENDANTS attributed a skill score to each employee to determine whom to lay off based on the employee's job code and their manager's judgment.

(36) Upon information and belief, DEFENDANTS assigned PLAINTIFF an incorrect job code and as a result an incorrect skill assessment was performed.

(37) PLAINTIFF informed Ms. Stinson that her job code was incorrect. However, DEFENDANTS took no action to correct this mistake.

(38) Upon information and belief, PLAINTIFF received the lowest skill score.

(39) Upon information and belief, DEFENDANTS told PLAINTIFF that a Caucasian male co-worker scored the second lowest and was also terminated.

(40) Upon information and belief, DEFENDANTS fabricate this male co-worker, as no Caucasian man of that age worked in PLAINTIFF's team.

(41) On or about January 18, 2018, PLAINTIFF was informed that she was being laid off, effective March 31, 2018.

(42) In the meantime, DEFENDANTS were actively hiring for PLAINTIFF's position.

(43) PLAINTIFF applied for over fifty (50) positions at Intel Corporation as part of Intel's re-hire process.

(44) One of these positions requested PLAINTIFF to remain employed at Intel Corporation past her layoff date of March 31, 2018.

(45) PLAINTIFF's hiring manager requested a layoff extension to allow PLAINTIFF to be rehired. However, this request was denied and PLAINTIFF was not re-hired.

(46) PLAINTIFF's last day of work was March 31, 2018.

(47) PLAINTIFF timely exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") within the statutory time period pursuant to 42 U.S.C. § 2000(e)-5(e)(1).

(48) PLAINTIFF timely filed this lawsuit within 90 days from the issuance of the EEOC Right to Sue pursuant to 42 U.S.C. § 2000(e)-5(f)(1). (See **Exhibit A**)

## FIRST CAUSE OF ACTION
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(49) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(50) Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).

(51) Defendant Intel Corporation is an employer as that term is defined in Title VII, 42 U.S.C. § 2000e-(b).

(52) At all relevant times herein, PLAINTIFF was an employee of Intel Corporation as that term is defined in Title VII, 42 U.S.C. § 2000e(f) and a female.

(53) DEFENDANTS discriminated against PLAINTIFF on the basis of her gender when (1) male employees were chosen for work assignments and projects instead of PLAINTIFF; (2) PLAINTIFF was asked to hang up during work meetings while the male employees were allowed to stay; (3) PLAINTIFF was denied a promotion; (4) PLAINTIFF was terminated while other male employees were not; and (5) DEFENDANTS refused to rehire PLAINTIFF.

(54) The discrimination against PLAINTIFF was a substantial factor in causing PLAINTIFF harm. As a direct, foreseeable and proximate result of DEFENDANTS' discriminatory actions,

PLAINTIFF lost wages and benefits, in an amount according to proof, lost promotional and professional opportunities, and suffered severe emotional distress.

(55) DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(56) PLAINTIFF is also entitled to recover attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

## SECOND CAUSE OF ACTION
## SEX DISCRIMINATION IN VIOLATION OF CAL GOV'T CODE § 12940(a)

(57) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(58) At all relevant times herein, Defendant Intel Corporation was an employer covered by the FEHA, Gov. Code § 12926(d), as an entity regularly employing five or more employees.

(59) At all times relevant herein, PLAINTIFF was an employee of DEFENDANTS and a female.

(60) FEHA prohibits an employer from discharging an employee on the basis of their protected class, including their sex. This anti-discrimination statute embodies a fundamental, substantial and well-established public policy of the State of California.

(61) DEFENDANTS discriminated against PLAINTIFF on the basis of her gender when (1) male employees were chosen for work assignments and projects instead of PLAINTIFF; (2) PLAINTIFF was asked to hang up during work meetings while the male employees were allowed to stay; (3) PLAINTIFF was denied a promotion; (4) PLAINTIFF was terminated while other male employees were not; and (5) DEFENDANTS refused to rehire PLAINTIFF.

(62) The discrimination against PLAINTIFF was a substantial factor in causing PLAINTIFF harm. As a direct, foreseeable and proximate result of DEFENDANTS' discriminatory actions,

PLAINTIFF lost wages and benefits, in an amount according to proof, lost promotional and professional opportunities, and suffered severe emotional distress.

(63) DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(64) PLAINTIFF is also entitled her reasonable attorneys' fees and costs of suit pursuant to Gov. Code § 12965(b).

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(65)   PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(66)   Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

(67)   PLAINTIFF engaged in protected activity in 2015, 2016, and 2017 when she complained to Intel's Human Resources department about the harassment and discrimination she suffered at the workplace.

(68)   As a result of PLAINTIFF's complaints, DEFENDANTS took materially adverse actions against PLAINTIFF, including, but not limited to, issuing her an IRN, denying her a promotion, terminating her employment, and refusing to rehire her.

(69)   Upon information and belief, PLAINTIFF's protected activity was a motivating factor for DEFENDANTS' adverse employment actions against PLAINTIFF.

(70)   As a direct, foreseeable and proximate result of DEFENDANTS' retaliatory actions, PLAINTIFF lost wages and benefits, in an amount according to proof, lost promotional and professional opportunities, and suffered severe emotional distress. DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF

is entitled to an award of punitive and exemplary damages in an amount commensurate with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(71) PLAINTIFF is also entitled to recover attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

## FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CAL GOV'T CODE § 12940(h)

(72) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(73) At all relevant times herein, Defendant Intel Corporation was an employer covered by the FEHA as an entity regularly employing five or more employees.

(74) At all times relevant to this complaint, PLAINTIFF was an employee of DEFENDANTS.

(75) PLAINTIFF engaged in protected activity in 2015, 2016, and 2017 when she complained to Intel's Human Resources department about the harassment and discrimination she suffered at the workplace.

(76) As a result of PLAINTIFF's complaints, DEFENDANTS retaliated against PLAINTIFF by issuing her a written reprimand, denying her a promotion, terminating her employment, and refusing to rehire her.

(77) Upon information and belief, PLAINTIFF's protected activity was a motivating factor for DEFENDANTS' adverse employment actions against PLAINTIFF.

(78) As a direct, foreseeable and proximate result of DEFENDANTS' retaliatory actions, PLAINTIFF lost wages and benefits, in an amount according to proof, lost promotional and professional opportunities, and suffered severe emotional distress. DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(79) DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary

*Randhawa v. Intel Corporation, et al.*
FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(80) PLAINTIFF is also entitled to her reasonable attorneys' fees and costs of suit pursuant to Gov. Code § 12965(b).

### FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF CAL GOV'T CODE § 12940(k)

(81) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(82) Under the FEHA, it is unlawful "[f]or any employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k).

(83) DEFENDANTS failed to take all reasonable steps necessary to prevent discrimination and harassment based on national origin and gender including, but not limited to, failure to investigate and remedy PLAINTIFF's complaints regarding Mr. Phillips and Mr. Subramanian.

(84) Instead, DEFENDANTS allowed the unlawful behavior to continue unabated and participated in maintaining a discriminatory and hostile work environment. DEFENDANTS failed to effectively investigate, stop, correct, or prevent the unlawful conduct, even after PLAINTIFF complained multiple times of such matters.

(85) As a direct, foreseeable and proximate result of DEFENDANTS' failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring, PLAINTIFF has sustained economic and emotional injuries, resulting in damages in an amount according to proof.

(86) DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

(87) PLAINTIFF is also entitled to her reasonable attorneys' fees and costs of suit pursuant to Gov. Code § 12965(b).

## SIXTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(88) PLAINTIFF incorporates all preceding paragraphs of this complaint into this cause of action as if fully set forth herein.

(89) Government Code § 12940(a) makes it an unlawful employment practice for an employer to discharge an employee on the basis of their protected class, including their sex and race. In discharging PLAINTIFF, DEFENDANTS violated this fundamental and well-established public policy of anti-discrimination in the workplace.

(90) At all times relevant herein, Defendant Intel Corporation was an employer pursuant to Cal. Gov. Code § 12926(d) as an entity regularly employing five or more employees.

(91) At all times relevant herein, PLAINTIFF was an employee of DEFENDANTS.

(92) The discrimination against PLAINTIFF was a substantial factor in causing PLAINTIFF harm. As a direct, foreseeable and proximate result of DEFENDANTS' discriminatory actions, PLAINTIFF lost wages and benefits, in an amount according to proof, lost promotional and professional opportunities, and suffered severe emotional distress.

(93) DEFENDANTS committed the above acts maliciously and in conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of punitive and exemplary damages in an amount commensurable with DEFENDANTS' wrongful acts and sufficient to punish and deter future similar conduct.

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

Wherefore, PLAINTIFF requests a jury trial and prays for judgment in an amount within the unlimited jurisdiction of this Court against DEFENDANTS as follows:

1. An award of compensatory damages including lost wages, lost future wages, lost employee benefits, and lost future benefits and special damages, together with interest on those amounts, according to proof;

2. An award of punitive damages against DEFENDANTS on all causes of action;

3. An award of interest, including prejudgment interest, at the legal rate;

4. An award to PLAINTIFF of attorney's fees pursuant to Gov. Code § 12900 *et seq.* or any other applicable statue, according to proof.

5. For an award to PLAINTIFF for costs of suit incurred herein on all causes of action; and

6. Any other relief as the Court deems just and proper.

DATED: March 8, 2021

**MARTIN & VANEGAS**
A Professional Corporation

By: *Marta Vanegas*
Marta R, Vanegas, Esq.
Attorneys for Plaintiff
Sonia Randhawa

# EXHIBIT A

*Randhawa v. Intel Corporation*
Case No. 2:21-CV-00054-KJM-DB

MARTIN & VANEGAS
A PROFESSIONAL CORPORATION

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sonia Randhawa<br>PO Box 516<br>Folsom, CA 95763 | From: | Oakland Local Office<br>1301 Clay Street<br>Ste. 680-North<br>Oakland, CA 94612 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2018-01463 | Sarah Lamm, Investigator | (510) 956-0013 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For    Sarah Lamm    10/08/2020

Steven T. Hunt, Director    *(Date Mailed)*

Enclosures(s)

cc:    jason Cooksey
ELL Attorney

2200 Mission College Blvd
RNB4-126
Santa Clara, CA 95054

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*