Scott Philip Jang (State Bar No. 260191)
Hardev S. Chhokar (State Bar No. 311802)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:   (415) 394-9401
E-mail:  Scott.Jang@jacksonlewis.com
E-mail:  Hardev.Chhokar@jacksonlewis.com

Attorneys for Defendant
INTEL CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA RANDHAWA,<br><br>             Plaintiff(s),<br><br>        v.<br><br>INTEL CORPORATION,<br><br>             Defendant(s). | Case No. 2:21-cv-00054-KJM-DB<br><br>**DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          May 7, 2021<br>Time:          10:00 a.m.<br>Ctrm:          3, 15th Floor<br>Judge:         Hon. Kimberly J. Mueller<br><br>FAC Filed:     03/11/2021<br>Trial Date:    None |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE HONORABLE KIMBERLY J. MUELLER, CHIEF JUDGE OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA; PLAINTIFF SONIA RANDHAWA; AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 7, 2021 at 10:00 a.m., or as soon thereafter as the matter can be heard before the Honorable Kimberly J. Mueller, in Courtroom 3, 15th Floor of the U.S. District Court, Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Defendant Intel Corporation ("Defendant") will move this Court to dismiss Plaintiff Sonia Randhawa's ("Plaintiff's") claims pursuant to Federal Rules of Civil Procedure 12(b)(6). The motion is based on the following grounds:

1.      Plaintiff's Third Cause of Action for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, fails because Plaintiff failed to exhaust her administrative remedies with regard to this cause of action.

2.      Plaintiff's Fourth Cause of Action for retaliation under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.*, fails because Plaintiff failed to exhaust her administrative remedies with regard to this cause of action.

This Motion is based upon this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Hardev S. Chhokar and Request for Judicial Notice of Plaintiff's administrative charge filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), and exhibits thereto, all pleadings and papers on file herein, and such further oral and documentary evidence as may be presented in any reply brief or at the hearing on this Motion.

Pursuant to the Court's Civil Standing Order, Defendant's counsel engaged in a meet and confer process with Plaintiff's counsel and discussed the substance of this motion and potential resolution. On March 26, 2021, Defendant's counsel had a telephone call with Plaintiff's counsel and explained Defendant's arguments in support of its intended Motion to Dismiss, and asked Plaintiff to dismiss her Third and Fourth Causes of Action. Plaintiff's counsel stated that they

1   would not dismiss those claims.  (Declaration of Hardev S. Chhokar in Support of Defendant's

2   Motion to Dismiss, ¶ 2.)

3

4   Dated:  April 2, 2021                    JACKSON LEWIS P.C.

5                                            By: */s /Scott P. Jang*
                                             _____
6                                                Scott P. Jang
                                                 Hardev S. Chhokar
7                                                Attorneys for Defendant
                                                 INTEL CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                    Case No. 2:21-cv-0054 KJM DB

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3       Plaintiff's Third and Fourth Causes of Action for retaliation under Title VII and the FEHA,

4   respectively, should be dismissed without leave to amend because she failed to exhaust her

5   administrative remedies with respect to those claims and the time for her to do so has since passed.

6   Plaintiff's EEOC Charge relates exclusively to her allegations of race, color, sex, national origin,

7   and age discrimination against Defendant.  The crux of these discrimination claims, as alleged in

8   the EEOC Charge, concerns the elimination of Plaintiff's position on March 31, 2018 and

9   Defendant's alleged discriminatory failure to extend Plaintiff's employment for another month so

10   that she could attempt to transfer internally, while "several white and southern Indian folks stayed

11   on."  (ECF No. 1, Complaint, at 7.)

12       However, Plaintiff's retaliation claims, as detailed in her First Amended Complaint,

13   concern an array of alleged protected activities and adverse employment actions that are nowhere

14   to be found in the EEOC Charge.  Not only did Plaintiff fail to select the "retaliation" box on her

15   EEOC Charge (she only checked the boxes for "race," "color," "sex," "national origin" and "age")

16   and omit any reference to retaliatory conduct in the narrative section, but her unreported retaliation

17   claims are not "like or reasonably related" to the discrimination allegations in the EEOC Charge.

18   For this reason and as supported by many analogous federal cases, Plaintiff's Third and Fourth

19   Causes of Action should be dismissed without leave to amend.

20   **II.    STATEMENT OF RELEVANT FACTS**

21           **A.  Plaintiff Files Her Charge of Discrimination with the EEOC**

22       Plaintiff filed a Charge of Discrimination with the EEOC and the California Department

23   of Fair Employment & Housing ("DFEH") on December 24, 2018 (the "EEOC Charge").  (ECF

24   No. 1 at 7-8.)[1]  The EEOC issued a Dismissal and Notice of Right to Sue on October 8, 2020.  (*Id.*

25   at 9.)

26

27

---

28   [1] Citations to page numbers refer to ECF-generated pagination.

4

In her EEOC Charge, Plaintiff claims that she was discriminated against on March 31, 2018 – the only date on which she contends a discriminatory act occurred – based on her race, color, sex, national origin, and age.  (*Id.* at 7.)  Plaintiff checked the boxes for "race," "color," "sex," "national origin," and "age" discrimination, but did not check the box for "retaliation." (*Id.*)  In the narrative section of the EEOC Charge, Plaintiff stated as follows:

> I was hired as a Technical Project Manager.  I had excellent performance.  Without notice I was told my position was being eliminated. I am 43 years old.  I am aware that several white and southern Indian folks stayed on.

> I applied for various positions within Intel before I would be terminated but Brian Staab would not keep me employed long enough to continue competing internally, therefore I lost all chance of staying with Intel.  I found this discriminatory again as it would not have been a hardship to keep me on for another month to ensure I would continue to work at Intel.  In 2015, I began to complain of stalking and sexual harassment by a coworker.  The complaints continued until the end of 2016, but HR never took action.

> I believe I was terminated based on my sex (female), race (Northern Indian), national origin (Australia), color in violation of Title VII of the Civil Rights Act of 1964, as amended.

> I believe I was terminated based on my age (43) in violation of the Age Discrimination in Employment Act of 1967, as amended.

(*Id.*)

### B.  Plaintiff Files Her First Amended Complaint

Plaintiff filed a First Amended Complaint (the "Complaint") on March 11, 2021.  (*See* ECF No. 9, First Amended Complaint.)  Plaintiff raises six causes of action in the Complaint: (1) sex discrimination in violation of Title VII ("First Cause of Action") (*id.* ¶¶ 49-56); (2) sex discrimination in violation of the FEHA ("Second Cause of Action") (*id.* ¶¶ 57-64); (3) retaliation in violation of Title VII ("Third Cause of Action") (*id.* ¶¶ 65-71); (4) retaliation in violation of the FEHA ("Fourth Cause of Action") (*id.* ¶¶ 72-80); (5) failure to prevent discrimination and harassment in violation of the FEHA ("Fifth Cause of Action") (*id.* ¶¶ 81-87); and (6) wrongful termination in violation of public policy ("Sixth Cause of Action") (*id.* ¶¶ 88-93).  Plaintiff's Third and Fourth Causes of Action are the focus of this Motion to Dismiss.

Plaintiff's Third and Fourth Causes of Action for retaliation under Title VII and FEHA, respectively, are based on a number of alleged facts that were *not* raised in her EEOC Charge. Specifically, in this action, Plaintiff alleges for the first time that she complained to Defendant's Human Resources Department on June 1, 2015 about a colleague, Sam Phillips, who "engaged in a succession of inappropriate conduct directed towards Plaintiff at the workplace," and that she was then placed on an Improvement Required Notice ("IRN") by her manager that "falsely accused Plaintiff of poor performance." (*Id.* ¶¶ 18-21.)  As a result, Plaintiff states that she then filed a second complaint with the Human Resources Department about her IRN, "alleging that the IRN was in retaliation for her harassment complaint." (*Id.* ¶ 22.)  She alleges that she filed a third complaint around December 15, 2016, "alleging that Mr. Phillips continued to harass her at work." (*Id.* ¶ 29.)  Plaintiff states her theory of retaliation as follows:  "As a result of Plaintiff's complaints, Defendant took materially adverse actions against Plaintiff, including, but not limited to, issuing her an [IRN], denying her a promotion [in or around January 2017], terminating her employment [on March 31, 2018], and refusing to rehire her." (*Id.* ¶¶ 68-69, 76-77.)

The chart below summarizes the significant differences between Plaintiff's EEOC Charge and Complaint as it relates to alleged perpetrators, alleged adverse employment actions, dates of the alleged acts, and whether Plaintiff asserted facts regarding "retaliation:"

**Differences Between Plaintiff's Allegations in EEOC Charge and Complaint**

|  | EEOC Charge | Complaint |
|---|---|---|
| **Alleged Perpetrator(s)** | Brian Staab | Sam Phillips |
|  |  | Plaintiff's Managers |
| **Alleged Adverse Employment Action(s)** | Layoff Decision | IRN |
|  |  | Denied Promotion |
|  |  | Layoff Decision |
|  |  | Refusing to Rehire |
| **Dates of Alleged Actions** | 2018 | 2015, 2017, 2018 |
| **Retaliation Claim/Facts Alleged?** | No | Yes |

## III.   LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 2000). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A court must dismiss a complaint if it fails to allege sufficient facts to establish a plausible, as opposed to merely possible, entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (citing *Twombly,* 550 U.S. at 570).

If the court finds the complaint fails to state a plausible claim and it is clear that the deficiencies of the complaint could not be cured by amendment, dismissal without leave to amend is appropriate. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## IV.   LEGAL ARGUMENT

### A.  Plaintiff's Third and Fourth Causes of Action Should Be Dismissed

As explained below, Plaintiff's Third and Fourth Causes of Action for retaliation should be dismissed without leave to amend because she has failed to exhaust her administrative remedies with respect to those claims and the time for her to exhaust those remedies has since passed.

#### 1.  Timely Exhaustion of Administrative Remedies Requirement

The timely filing of a verified administrative complaint with the EEOC and exhaustion of that remedy is a prerequisite to suing for damages under Title VII. *United Air Lines, Inc. v. Evans*, 431 US 533, 558 (1977). To timely exhaust administrative remedies, if an alleged discriminatory act occurred in California, a plaintiff must file a charge with the EEOC no later than 300 days after the alleged unlawful practice occurred. 42 U.S.C. §2000e-5(b), (e); *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir. 1991). Similarly, prior to filing a discrimination or retaliation claim under the FEHA, a plaintiff must exhaust their administrative remedies by filing a charge with the DFEH

1   within one year of the alleged unlawful act.  Cal. Gov. Code § 12960(e); *see also* Sen. Bill No. 9,

2   § 3 (2019 Reg. Sess.) (stating that the extension to file charge with DFEH, from one year to three

3   years, enacted on January 1, 2020 "shall not be interpreted to revive lapsed claims").

4          "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of

5   both the EEOC Charge and the EEOC investigation."  *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th

6   Cir. 1990).  Specifically, "[s]ubject matter jurisdiction extends to all claims of discrimination that

7   fall within the scope of the EEOC's *actual* investigation or an EEOC investigation that could

8   *reasonably be expected* to grow out of that charge."  *Id.* at 1456 (emphasis in original).  "[T]he

9   facts alleged in the charge must be sufficiently related to the claim such that those facts would

10  prompt an investigation of that claim."  *Jones v. Sumser Retirement Village.,* 209 F.3d 851, 853

11  (6th Cir. 2000.)  In making this determination, courts "may consider factors such as 'the alleged

12  basis of the discrimination, the dates of discriminatory acts specified within the charge,

13  perpetrators of discrimination named in the charge, and any locations at which discrimination is

14  alleged to have occurred.'"  *Bradley v. Cnty. of Sacramento Dep't of Human Assistance of N. Cal.*

15  *Welfare Div.*, 2015 U.S. Dist. LEXIS 95747, at *8-9 (E.D. Cal. July 22, 2015) (citing cases).

16         Indeed, to prevent reducing the exhaustion requirement to a mere formality, the Ninth

17  Circuit Court of Appeals has dismissed claims that are not reasonably expected to grow out of the

18  discrimination claims stated on the EEOC intake form.  *See, e.g.*, *Rodriguez v. Airborne Express*,

19  265 F.3d 890, 897 (9th Cir. 2001) (dismissing the plaintiff's disability discrimination claim where

20  investigation into the plaintiff's national origin discrimination claim would not likely lead to an

21  investigation of disability discrimination); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003)

22  (finding that allegations of discrimination on the basis of disability are not reasonably related to

23  those in an EEOC charge alleging discrimination on the basis of race, color, religion, sex, national

24  origin, and/or age because an investigation about the former could not have been reasonably

25  expected to grow out of the latter).

26  ////

27  ///

28

8

## 2.   Exhaustion of Administrative Remedies for Retaliation Claims

With respect to retaliation claims, courts have dismissed such claims for failure to exhaust administrative remedies where plaintiffs do not check the "retaliation" box on their EEOC intake form and where the retaliation claims are not reasonably expected to grow out the "particulars" stated in the form's narrative portion. *See, e.g., Schneider v. City & County of San Francisco*, 1999 U.S. Dist. LEXIS 30001, at \*32-33 (N.D. Cal. March 10, 1999) ("*Schneider*"); *Gerald v. Locksley*, 785 F.Supp.2d 1074, 1114 (D.N.M., Aug. 1, 2011) ("*Gerald*"); *Mitchel v. Holder*, 2010 U.S. Dist. LEXIS 21088, at \*46-47 (N.D. Cal. March 9, 2010) (reasoning that the plaintiff's reference to prospective retaliation in her EEOC charge, which had checked boxes for only sex discrimination, gender discrimination, and sexual harassment, would not have led the EEOC investigation as part of the investigation).

*Gerald* and *Schneider* are persuasive cases that support dismissal of Plaintiff's retaliation claims.  In *Gerald*, the plaintiff filed a lawsuit against the defendant, his former employer, for retaliation and race discrimination under Title VII.  *Gerald*, 785 F.Supp.2d at 1085.  However, the plaintiff's EEOC charge did not check the box for "retaliation" and, in the narrative section of his EEOC charge, the plaintiff only stated that he "reported [his discriminatory working terms and conditions] to management and nothing was done." *Id*. at 1114.  The defendant moved to dismiss the plaintiff's retaliation claims for failure to exhaust administrative remedies, arguing that the plaintiff failed to check the "retaliation" box on his EEOC Charge and failed to present sufficient information that could reasonably be expected to lead the EEOC to investigate a retaliation claim. *Id*.  The plaintiff countered that his statement that he "reported this to management and nothing was done" saves his retaliation claim and overcomes the presumption that his failure to check the retaliation box created.  *Id*.  The court ruled in the defendant's favor and, importantly, rejected the plaintiff's argument by reasoning as follows:

> Plaintiff's assertion that 'nothing was done' does not sound in retaliation, because it does not suggest that Plaintiff suffered an adverse employment action in response to his protected activity.  A reasonable reader would understand that Plaintiff's mention of management inaction as merely an explanation leading up to the gist of his complaint of discrimination.

9

1  *Id*.

2           Likewise, in *Schnieder*, the plaintiff filed a lawsuit against the defendant, his former

3   employer, for failing to accommodate his disability and for retaliating against him for requesting

4   an accommodation under the Americans with Disabilities Act. *Schnieder*, 1999 U.S. Dist. LEXIS

5   30001, at *1. The defendant filed a motion for summary judgment against the plaintiff's retaliation

6   claim, arguing that the claim was barred because the plaintiff did not exhaust his administrative

7   remedies. *Id*. at *32. The court granted the defendant's motion and dismissed the retaliation claim,

8   finding that the plaintiff did not check the "retaliation" box on their EEOC complaint and "nowhere

9   in his written description does plaintiff mention or refer to any acts of retaliation." *Id.* at *31-32.

10  The court reasoned as follows:

11           If the EEOC had investigated plaintiff's charge, it is unlikely that it would have
             uncovered plaintiff's retaliation claim. And all of the alleged retaliatory acts
12           plaintiff now complains about were known to him at the time he made his EEOC
             complaint. Plaintiff did not include those alleged incidents in his EEOC charge.
13           Discrimination is fundamentally different from retaliation.

14  *Id*. at *32.

15
                        **3.  Plaintiff Did Not Exhaust Her Administrative Remedies for**
16                          **Her Retaliation Claims**

17           Here, Plaintiff's Third and Fourth Causes of Action should be dismissed because Plaintiff,

18  like the plaintiffs in *Gerard* and *Schnieder*, failed to exhaust her administrative remedies for

19  retaliation. ***First,*** Plaintiff did not check the "retaliation" box in her EEOC Charge, which "creates

20  a presumption that the charging party is not asserting claims represented by that box." *Jones v.*

21  *UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). Plaintiff only checked the boxes for "race,"

22  "color," "sex," "national origin," and "age" discrimination. She then doubled down on these

23  discriminatory claims – and *again* failed to reference retaliation – in the conclusion of the narrative

24  section of her EEOC Charge by stating that she was "terminated based on my sex (female), race

25  (Northern Indian), national origin (Australia), color in violation of [Title VII] and "based on my

26  age (43)." (ECF No. 1 at 7.)

27  ///

28
DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                                              Case No. 2:21-cv-0054 KJM DB

1    **Second,** Plaintiff's retaliation claims, as alleged in the Complaint, are not "like or

2    reasonably related" to the allegations in her EEOC Charge such that the factual bases of Plaintiff's

3    retaliation claims would have been uncovered by the EEOC during its investigation.  On one hand,

4    the Complaint alleges that Plaintiff complained to Defendant's Human Resources Department in

5    June 2015 about Sam Phillip's, her colleague's, harassing conduct (ECF No. 9 at ¶¶ 18, 29) and

6    that, as a result, her manager issued her an Improvement Required Notice that "falsely accused

7    Plaintiff of poor performance" (*id.* ¶¶ 20-21).  Plaintiff then alleges that she filed a second

8    retaliation complaint against this manager, "alleging that the IRN was in retaliation for the

9    harassment complaint" (*id.* ¶ 22) and a third complaint around December 15, 2016 about Mr.

10   Phillip's continuing harassment.  As a result, Plaintiff claims that she was denied a promotion in

11   January 2017 (*id.* ¶ 30) and terminated on March 31, 2018 following a layoff, but was not rehired

12   (*id.* ¶¶ 41, 44, 46).

13   However, similar to the plaintiff in *Schneider,* Plaintiff's EEOC Charge fails to include

14   these new allegations.  Rather, the crux of the EEOC Charge relates to how Defendant allegedly

15   discriminated against Plaintiff based on race, color, sex, national origin, and age because

16   Defendant did not keep Plaintiff employed long enough to compete for an internal position

17   following her layoff, while "several white and southern Indian folks stayed on." (ECF No. 1 at 7.)

18   Indeed, the only adverse employment action that Plaintiff references in her EEOC Charge occurs

19   on March 31, 2018 – the day of her termination; there is no reference to an Improvement Required

20   Notice nor a denied promotional opportunity in 2017.  There is also no mention of Plaintiff's

21   complaint against her manager for placing her on an Improvement Required Notice or any

22   reference to the alleged perpetrator, Sam Phillips.  The only name referenced in the EEOC Charge

23   is Brian Staab who was *not* the manager who placed Plaintiff on an IRN.

24   In sum, the new retaliation claims in the Complaint diverge from the EEOC Charge with

25   respect to (1) the alleged adverse employment actions (*i.e.*, the EEOC Charge only challenges a

26   layoff decision, whereas the Complaint challenges the alleged IRN and a denial of a promotion);

27   (2) time (*i.e.*, the EEOC Charge challenges a layoff in 2018, whereas the Complaint challenges

28

DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                          Case No. 2:21-cv-0054 KJM DB

1   alleged retaliatory actions in 2017); and (3) identified individuals (i.e., the EEOC Charge only

2   identifies Brian Staab, whereas the Complaint identifies other managers and Sam Phillips).  Given

3   the dissimilarities between Plaintiff's discrimination claims in the EEOC Charge and Plaintiff's

4   retaliation claims in the Complaint, it is unreasonable to believe that these unreported allegations

5   would have been uncovered by the EEOC during its investigation.  *See Bradley*, 2015 U.S. Dist.

6   LEXIS 95747, at *8-9 (E.D. Cal. July 22, 2015) (stating that in determining whether an EEOC

7   charge is like or reasonably related to the complaint, courts "may consider factors such as 'the

8   alleged basis of the discrimination, the dates of discriminatory acts specified within the charge,

9   perpetrators of discrimination named in the charge, and any locations at which discrimination is

10   alleged to have occurred.").

11         Plaintiff may argue that she put the EEOC on notice of retaliation by stating in the narrative

12   section that she complained of "stalking and sexual harassment by a coworker" but Human

13   Resources never acted.  However, similar to the plaintiff in *Gerald*, this standalone reference to

14   complaints to Human Resources and Human Resources' inaction does not sound in retaliation as

15   that claim is specifically alleged in the Complaint.  ***First***, Human Resources' alleged inaction is

16   categorically different in nature than an affirmative adverse employment action by a manager in

17   response to protected activity.  ***Second***, again, the only alleged adverse employment action raised

18   in the EEOC Charge occurred on March 31, 2018, and the only named perpetrator in the EEOC

19   Charge was Brian Staab who allegedly discriminated against Plaintiff on that date by not giving

20   her extra time to transfer internally before her layoff became effective.  Therefore, a reasonable

21   EEOC investigator would not have casually connected these Human Resource complaints and the

22   Human Resources' *inaction* to the allegedly affirmative retaliatory elimination of Plaintiff's

23   position on March 31, 2018 by a manager in response to protected activity, let alone to the other

24   adverse employment action raised by Plaintiff for the first time in her Complaint.  Instead, just as

25   the *Gerald* court reasoned, the mention of Human Resources' inaction appears merely as an

26   explanation leading up to the gist of Plaintiff's sexual discrimination complaints – that she was not

27

28

DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                                    Case No. 2:21-cv-0054 KJM DB

1  provided an opportunity to compete internally for another position *because* of her sex, the basis of

2  her First and Second Causes of Action.

3        **4.  Plaintiff's Time to Exhaust Her Administrative Remedies Has Passed**

4       Any attempt by Plaintiff to exhaust her administrative remedies would be time barred at

5  this point.  Plaintiff was terminated on March 31, 2018. (ECF No. 9 at ¶ 46.)  As of the date of this

6  filing, more than 36 months have passed since her termination and, therefore, Plaintiff's 300-day

7  deadline to file an EEOC charge and one-year deadline to file a DFEH charge have passed.

8  Accordingly, because Plaintiff has not and cannot exhaust her administrative remedies with respect

9  to her retaliation claims, her Third and Fourth Causes of Action should be dismissed without leave

10  to amend.

11  **V.    CONCLUSION**

12       For the foregoing reasons, Defendant respectfully requests the Court grant Defendant's

13  Motion to Dismiss.

14

15  Dated:  April 2, 2021               JACKSON LEWIS P.C.

16

17                                   By:    */s/ Scott P. Jang*
                                        Scott Philip Jang

18                                          Hardev S. Chhokar
                                        Attorneys for Defendant

19                                          INTEL CORPORATION

20  4824-8532-3747, v. 1T

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS                                  Case No. 2:21-cv-0054 KJM DB