**MARTA R. VANEGAS, ESQ. (SBN 278328)**
**BRITTANY C. TOTH, ESQ. (SBN 324593)**
**LUKE G. PETERS, ESQ. (SBN 334351)**
**MARTIN & VANEGAS, APC**
3100 Oak Road, Suite 230
Walnut Creek, CA 94597
Phone: (925) 937-5433
Facsimile: (925) 938-5567

Attorneys for Plaintiff
Sonia Randhawa

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonia Randhawa,<br><br>   Plaintiff,<br><br> v.<br><br>Intel Corporation and DOES 1 through 20, inclusive,<br><br>   Defendants. | CASE NO. 2:21-CV-00054-KJM-DB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS** |

  PLAINTIFF SONIA RANDHAWA (hereinafter "Plaintiff") submits this memorandum of points and authorities in opposition to DEFENDANT INTEL CORPORATION's (hereinafter "Defendant") motion to dismiss for failure to state a claim Plaintiff's third and fourth causes of action for retaliation under Title VII and retaliation under the California Fair Employment and Housing Act (FEHA), respectively.

## **FACTS**

  Plaintiff incorporates by reference the factual allegations of Plaintiff's First Amended Complaint (FAC). Reference is also made to the EEOC Charge dated December 24, 2018 (Complaint, 7) and the EEOC Dismissal and Notice of Right to Sue dated October 8, 2020. Id. at 9; FAC, Ex. A, 13-15.

# LAW

## I. LEGAL STANDARD – MOTION TO DISMISS

A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is intended to examine the legal sufficiency of the plaintiff's complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). The complaint must state a claim to relief with facts sufficient to make the claim "plausible on its face", Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), which has been defined as sufficient to permit the court "to draw the reasonable inference that the defendant is liable" for the misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a Rule 12(b)(6) motion to dismiss, the allegations of the complaint are assumed true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). It is the defendant who bears the burden of proof on a motion to dismiss as to affirmative defenses such as exhaustion of administrative remedies. Kraus v. Presidio Trust Facilities Division/Residential Mgmt. Branch, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (quotations omitted).

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Title VII's charge-filing requirement is not jurisdictional but rather a prudential prerequisite to suit and a nonjurisdictional claim-processing rule. Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1844 (2019). Whether the plaintiff has met the administrative exhaustion requirement depends on an analysis of the "fit" between the administrative charge and the lawsuit. Ong v. Cleland, 642 F.2d 316, 318 (9th Cir. 1981). The test for that "fit" is whether the alleged discriminatory acts in the lawsuit are "like or reasonably related to" the allegations contained in the administrative charge. Id. at 320 (quoting Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)). Title VII's procedural requirements are not strictly construed, such that the lack of perfect "fit" between an administrative charge and a subsequent lawsuit is not fatal to a plaintiff's claim, particularly where Title VII policies favoring administrative resolution of claims and against the circumvention of procedural requirements are not undermined. Id. at 318-319. Similarly, the federal courts may consider "charges that are within the scope of an EEOC investigation that reasonably

could be expected to grow out of the allegations [made in an EEOC charge]." Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990)) (edited for clarity). EEOC charges are to be construed "with the utmost liberality." Bradley v. Cnty. of Sacramento Dep't of Human Assistance of N. Cal. Welfare Div., 2015 U.S. Dist. LEXIS 95747, *8 (E.D.Cal. July 21, 2015) (quoting Kaplan v. Int'l Alliance of Theatrical & Stage Emp.s, 525 F.2d 1354, 1359 (9th Cir. 1975)).

## ARGUMENT

### I. WHETHER A CLAIMANT CHECKS THE RETALIATION BOX IS NOT DISPOSITIVE AND DOES NOT PRECLUDE PLAINTIFF'S CLAIMS.

Defendant first argues that Plaintiff's retaliation claims should be dismissed because the retaliation box on the EEOC charge form was not checked. While stopping short of outright claiming that failure to check the box is dispositive, Defendant's argument here ignores the long-established standards to be applied, which allow for claims reasonably related to those appearing on the face of the charge to be litigated, and which do not elevate form over substance. Plaintiff concedes that the retaliation box was not checked on the EEOC charge presented to her for signature and which she did ultimately sign. It is also true that Plaintiff was afforded an opportunity to review the EEOC agent's draft charge before signing. However unfortunate the failure to check the box may be, the harsh result of dismissal would be disproportionate and highly inequitable. Plaintiff was acting without counsel and was not in a favorable position to second-guess the EEOC's summary description or classification of the claim. Furthermore, had Plaintiff insisted that the EEOC check the retaliation box or that a lengthier recitation of facts be included, this may have caused an indeterminate delay that a claimant would seek to avoid. For these reasons, this Court should reject Defendant's argument that Plaintiff has not exhausted administrative remedies by virtue of not checking the retaliation box on the EEOC charge form.

### II. PLAINTIFF'S RETALIATION CLAIMS APPEAR ON THE FACE OF THE EEOC CHARGE.

Retaliation is described (or at the very least inferable) on the face of the EEOC Charge, which is to be construed by this Court "with the utmost liberality." Bradley, 2015 U.S. Dist. LEXIS

95747 at *8. Considering only the particulars stated on the face of the EEOC Charge, Plaintiff has met the standard for exhaustion of administrative remedies, such that this Court may consider her claim for retaliation. As noted in the EEOC Charge, Plaintiff was subjected to sexual harassment and stalking by an employee of Defendant. Plaintiff repeatedly reported the behavior but Defendant did not take action. Thereafter, Plaintiff was laid off on a discriminatory basis and under circumstances indicating retaliation. Among other circumstances, Plaintiff asked for a minimum of concessions from Defendant to facilitate her internal reassignment, but Defendant unreasonably refused. The EEOC Charge describes the harassment and Defendant's failure to act in response to Plaintiff's reporting immediately after it notes Defendant's unreasonable refusal to facilitate her internal reassignment. Although a more perfect formulation of the particulars was possible (it almost always is), it is apparent from the face of the EEOC charge that Plaintiff is alleging retaliation for Plaintiff's prior complaints of sexual harassment. Therefore, Defendant cannot show that Plaintiff failed to exhaust administrative remedies and the motion to dismiss the retaliation claims should be denied.

### III. PLAINTIFF'S RETALIATION CLAIMS ARE REASONABLY RELATED TO THE CLAIMS OF THE EEOC CHARGE AND WITHIN THE SCOPE OF EEOC INVESTIGATION.

While Plaintiff has demonstrated that retaliation is apparent on the face of the EEOC Charge, the standard is well-established that federal courts may also consider claims which are like or reasonably related to the claims of an EEOC Charge. While some of the retaliatory acts of the First Amended Complaint are described in the EEOC Charge itself, others are clearly reasonably related. For example, the retaliatory Improvement Required Notice entered against Plaintiff is the direct result of Plaintiff's reporting of the sexual harassment and stalking described in the EEOC Charge. The use of a skills assessment—or misuse, as with Plaintiff here—as a pretext to lay off Plaintiff is also reasonably related to the explicit claims of the EEOC Charge, including both the discrimination claims and the retaliation claims. Thus, the applicable "like or reasonably related to" standard necessarily encompasses Plaintiff's retaliation claims.

The additional retaliatory acts described in Plaintiff's First Amended Complaint were within the scope of EEOC investigation. As such, they may also be included in the retaliation claims and litigated. While Defendant has sought to cabin Plaintiff's claims to the 2018 termination of employment and events immediately preceding, Plaintiff's EEOC Charge describes particulars going back to 2015. A reasonable EEOC investigation would uncover additional details spanning the years in between. Thus, any EEOC investigation of the sexual harassment and stalking claims would have reached the retaliatory Improvement Required Notice entered against Plaintiff and, it follows, the wrongful denial of promotion (to a position accurately reflecting Plaintiff's actual job duties) and all other subsequent events described in Plaintiff's FAC culminating in termination of Plaintiff's employment. Defendant has not and cannot meet its burden of proof regarding a failure to exhaust of administrative remedies. Consequently, its motion to dismiss must be denied.

## IV.   DEFENDANT'S CASE CITATIONS ARE INAPPOSITE AND DISTINGUISHABLE.

Defendant cites to Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001) and Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) in support of its contention that Plaintiff's retaliation claim would not be reasonably expected to grow out of the discrimination claims stated on the EEOC Charge. Def. Br. 8. But Airborne Express and Leong both concern whether disability discrimination claims may grow out of claims of discrimination on the basis of national origin. The cases are inapposite because the connection between those classes of claims is intuitively tenuous as there is no logical relationship between them. By contrast, Plaintiff's discrimination and retaliation claims are based on common or reasonably related events: Among others, Plaintiff reported sexual harassment and retaliation resulted. The logical connection is apparent. Additionally, Defendant misstates the relationship between Plaintiff's claims since, as discussed above, Plaintiff alleges retaliation within the EEOC Charge itself (even if the retaliation box was not checked), the retaliation claims are reasonably related to the discrimination claims of the EEOC Charge, and the retaliation claims would necessarily fall within a reasonable scope of investigation by the EEOC.

Defendant's reliance on Mitchel v. Holder, 2010 U.S. Dist. LEXIS 21088 (N.D.Cal. March 9, 2010) is similarly misplaced. Mitchel held that an EEOC claimant's request for "no future retaliation" was insufficient to alert the EEOC to a retaliation claim. Id. at *45. By contrast, Plaintiff alleged specific retaliatory acts in the EEOC Charge and provided the EEOC sufficient information to investigate the reasonably related retaliation claim. Thus, Plaintiff has exhausted administrative remedies and may now litigate her discrimination and retaliation claims.

Defendant notes the New Mexico case of Gerald v. Locksley, 785 F.Supp.2d 1074 (D.N.M. Aug. 1, 2011) and the Northern District of California case of Schneider v. City & County of San Francisco, 1999 U.S. Dist. LEXIS 3001 (N.D.Cal. Mar. 10, 1999), but these cases are unpersuasive. Schneider involved a claimant alleging discrimination on the basis of race (for being white) and disability (for having a vague or unstated learning disability). 1999 U.S. Dist. LEXIS at *30-*33. The court in Schneider quoted the following articulation of the "like or reasonably related" standard: "If an investigation of what was charged in the [administrative agency filing] would necessarily uncover other incidents that were not charged the latter incidents could be included in a subsequent [civil] action." Id. at *31 (quoting Dyer-Washington v. The Permanente Medical Group, Inc., 1998 U.S. Dist. LEXIS 19911 (N.D. Cal.). The court found that Schneider did not meet this standard because "If the EEOC had investigated plaintiff's charge, it is unlikely that it would have uncovered plaintiff's retaliation claim." Id. at *32. By contrast, the additional details contained in Plaintiff's First Amended Complaint are within the scope of a reasonable investigation of Plaintiff's EEOC Charge and would have been necessarily uncovered. Thus, applying the standard articulated in Schneider, Plaintiff has exhausted administrative remedies and her case may proceed in this Court.

Gerald is cited for its resemblance to the particulars of Plaintiff's reporting of sexual harassment, i.e., Gerald reported an assault to management and nothing was done about it (Gerald, 785 F.Supp.2d at 1114), while Plaintiff reported sexual harassment and "HR never took action" as stated in the EEOC Charge. But the similarities end there: whereas in Gerald there was no suggestion that the plaintiff "suffered an adverse employment action in response to his protected

activity" (id.) that would lead the EEOC to investigate retaliation, Plaintiff's EEOC Charge explicitly states that she suffered the adverse employment action of losing her job in the sentence immediately preceding the discussion of the reporting of sexual harassment. Even if not model draftsmanship, the charge gave the EEOC reasonable notice that the incidents are reasonably related and should be investigated accordingly. Plaintiff's retaliation claims may go forward in this Court, which should deny Defendant's motion to dismiss.

## CONCLUSION

For the above stated reasons, Plaintiff has stated a claim of retaliation by Defendant. Therefore, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss Plaintiff's third and fourth causes of action for retaliation and allow Plaintiff to proceed on all causes of action pleaded in the First Amended Complaint.

DATED: April 23, 2021

**MARTIN & VANEGAS**
A Professional Corporation

By: */s/Luke G. Peters*
    Luke G. Peters, Esq.
Attorney for Plaintiff
Sonia Randhawa