Scott Philip Jang (State Bar No. 260191)
Hardev S. Chhokar (State Bar No. 311802)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Scott.Jang@jacksonlewis.com
E-mail: Hardev.Chhokar@jacksonlewis.com

Attorneys for Defendant
INTEL CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA RANDHAWA,<br><br>    Plaintiff(s),<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant(s). | Case No. 2:21-cv-00054-KJM-DB<br><br>**DEFENDANT INTEL CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        May 7, 2021<br>Time:        10:00 a.m.<br>Ctrm:        3, 15th Floor<br>Judge:       Hon. Kimberly J. Mueller<br><br>FAC Filed:   March 11, 2021<br>Trial Date:  None |

I.  **INTRODUCTION**

Plaintiff's Opposition to Defendant's Motion to Dismiss fails to show that she exhausted her administrative remedies as to her Third and Fourth Causes of Action for retaliation under Title VII and California's Fair Employment and Housing Act ("FEHA"). Plaintiff relies heavily on a standalone reference in her EEOC Charge that she complained about a coworker's "stalking and sexual harassment" to Human Resources to argue that her retaliation claims are apparent on the face of the Charge or reasonably related to her discrimination allegations in the Charge. Plaintiff is wrong on both counts.

///

1    First, any contention that Plaintiff's retaliation claims are somehow apparent on the face of the Charge is refuted by Plaintiff's concession that, even after reviewing and approving the Charge, she left the box for "retaliation" unchecked and did not otherwise reference "retaliation" in the Charge. Plaintiff's own conduct "creates a presumption" at the outset that she did not intend to assert a retaliation claim. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

Further, Plaintiff cannot overcome this presumption by clinging to a brief reference in the Charge that her complaints about harassment in 2015 and 2016 allegedly went ignored by Human Resources. The Charge provides no causal link between these alleged complaints and Plaintiff's layoff – the only adverse employment action mentioned in the Charge. Temporal proximity does not exist, as Plaintiff's layoff occurred in 2018 – which was *more than two years* after Plaintiff's first alleged complaints in 2015 and still *more than a year* after Plaintiff's last alleged complaints in 2016. Nor is any other causal connection discernable where, according to the Charge, the actors allegedly involved in the harassment complaints (*i.e.*, a co-worker and Human Resources) were different than the actor purportedly involved in Plaintiff's discriminatory termination (*i.e.*, Brian Staab). Plaintiff's reference to harassment in the Charge might support a harassment claim (or arguably Plaintiff's sex discrimination claim), but the standalone, causally-disconnected reference simply does not come close to overcoming the "presumption" that Plaintiff did not assert a separate retaliation claim. *Id.*

Second, contrary to Plaintiff's contention, her retaliation claims are not reasonably related to the discrimination claims in her Charge such that an EEOC agent would have been expected to investigate the retaliation claims. Perhaps most tellingly is the conduct *of the actual EEOC agent in this case*. According to Plaintiff, an EEOC agent assisted her with intake and completing the charge. Yet, the EEOC agent evidently did not construe Plaintiff's allegations as giving rise to a retaliation claim, as the EEOC agent did not check the "retaliation" box or otherwise reference "retaliation" in the Charge.

Moreover, a side-by-side comparison between the EEOC Charge and the First Amended Complaint ("FAC") only further demonstrates the stark differences between the discrimination claims in the Charge and the retaliation claims later asserted in the FAC. The claims are different

and mismatched with respect to the alleged (1) acts, (2) dates, and (3) perpetrators – all of which preclude any conclusion that the claims are "reasonably related" such that the EEOC would been expected to investigate retaliation.

In sum, Plaintiff failed to exhaust her administrative remedies with respect to her retaliation claims. The claims should be dismissed.

## II. ARGUMENT

### A. A Retaliation Claim is Not "Apparent on the Face" of the EEOC Charge.

A retaliation claim is nowhere identified on the face of Plaintiff's EEOC Charge. Plaintiff concedes that she did not check the "retaliation" box in the Charge. (ECF No. 14 ("Opp'n") at 3.) Nor did Plaintiff reference "retaliation," "retaliate," or "retaliatory," – or any similar words – in the narrative of the Charge. (ECF No. 10-1 ("EEOC Charge"), Ex. A at 1.) This is all despite Plaintiff admitting that she reviewed a draft prepared by an EEOC agent before she signed and submitted the Charge. (Opp'n at 3.) Plaintiff's own conduct "creates a presumption" that she did not intend to assert a retaliation claim. *Jones*, 502 F.3d at 1186.

Plaintiff nevertheless contends that her retaliation claim is somehow apparent "on the face of the EEOC Charge" because the Charge states that Plaintiff complained to Human Resources about a coworker's "stalking and sexual harassment" in 2015 and 2016. (Opp'n at 3.) Plaintiff's heavy reliance on this allegation is sorely misplaced.

To start, Plaintiff ignores the Charge's grammatical structure. The reference in the Charge to Human Resources allegedly ignoring Plaintiff's complaints in 2015 and 2016 forms a separate, standalone paragraph that is disconnected from the preceding paragraph's allegation regarding Plaintiff's termination. (EEOC Charge, Ex. A at 1.) Therefore, from a grammatical standpoint, Plaintiff's allegation regarding Human Resources ignoring her harassment complaints appears to constitute a separate, standalone issue/claim.

More critically, the Charge offers no causal connection between these alleged complaints and Plaintiff's layoff – the only adverse employment action mentioned in the Charge. Temporal proximity does not exist, as Plaintiff's layoff occurred in 2018 – which was *more than two years* after Plaintiff's first alleged complaints in 2015 and still *more than a year* after Plaintiff's last

3
DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS                               Case No. 2:21-cv-0054 KJM DB

alleged complaints in 2016. Nor is any other causal nexus discernable where, according to the Charge, the actors allegedly involved in the harassment complaints (*i.e.*, a co-worker and Human Resources) were different than the actor involved in Plaintiff's discriminatory termination (*i.e.*, Brian Staab). Again, Plaintiff's reference to harassment in the Charge might support a harassment claim, but the reference does not come anywhere close to overcoming the "presumption" that she did not assert a separate retaliation claim – let alone that such a claim is "apparent on face of the Charge," as Plaintiff contends.[1] (Opp'n at 3.)

### B. Plaintiff's Retaliation Claims in the FAC Are Not "Reasonably Related" to the Allegations in Her EEOC Charge.

Plaintiff's retaliation claims in her FAC could not be "reasonably be expected to grow" out of an investigation of the discrimination allegations in her Charge, and Plaintiff's Opposition fails to show otherwise. *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990). In determining whether a retaliation claim is reasonably related to the discrimination claims in an EEOC Charge, this Court has considered factors such as "the alleged basis of discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Bradley v. Cnty. of Sacramento Dep't of Human Assistance of N.Cal. Welfare Div.,* 2015 U.S. Dist. LEXIS 95747, at *8-9 (E.D. Cal. July 22, 2015) (citing cases).

In her Opposition, Plaintiff fails to address the factual dissimilarities Defendant highlights in its Motion to Dismiss between the EEOC Charge and Plaintiff's retaliation claims. Nor does she explain *how* an investigation into the Charge's discrimination allegations could have been expected to uncover the retaliation claims as asserted in the FAC. Instead, she summarily argues:

> A reasonable EEOC investigation would uncover additional details spanning the years [between 2015 to 2018]. Thus, any investigation of the sexual harassment and stalking

---

[1] The reader might ask: "Why did Plaintiff reference sexual harassment complaints allegedly being ignored by Human Resources?" Plaintiff answers that question in the Charge itself: Plaintiff sought to assert a sexual *discrimination* claim. Had Plaintiff omitted the allegations regarding her sexual harassment complaints, there would have been no factual underpinning for her expressly asserted sexual *discrimination* claim. *See Gerald v. Locksley*, 785 F.Supp.2d 1074, 1114 (D.N.M., Aug. 1, 2011) (dismissing retaliation because reasonable reader would understand that plaintiff's reference to management inaction of his harassment complaints, which was referenced in EEOC Charge, was "merely an explanation leading up to the gist of his complaint of discrimination").

claims would have reached the retaliatory Improvement Required Notice entered against Plaintiff and, it follows, the wrongful denial of a promotion [in 2017] . . . , all other subsequent events described in the Plaintiff's FAC culminating in termination of Plaintiff's employment.

(Opp'n at 5:5-11.) Plaintiff's conclusory argument fails.

As an initial matter, it is telling that the EEOC agent who actually handled Plaintiff's intake and drafting of the Charge did *not* think her allegations sounded in retaliation. The EEOC agent did not check the "retaliation" box or otherwise reference "retaliation" in the Charge. Nor, again, did Plaintiff make any effort to change this – to the extent that she had any intention of asserting a retaliation claim.

Moreover, a side-by-side comparison between the EEOC Charge and the First Amended Complaint ("FAC") only further demonstrates the stark differences between the discrimination claims in the Charge and the retaliation claims later asserted in the FAC. ***First***, the FAC includes completely new alleged adverse employment actions. There is no mention in the Charge of the retaliatory acts (or corresponding dates) that Plaintiff specifies as the basis for her retaliation claims in the FAC. Specifically, the alleged wrongful Improvement Required Notice in 2015 and denied promotion in 2017 are nowhere referenced in the Charge. The EEOC could not have been expected to investigate these matters.

***Second***, the FAC identifies completely different alleged perpetrators. The only perpetrator named in the Charge, Brian Staab, has no relationship with the individuals implicated in Plaintiff's Third and Fourth Causes of Action. Mr. Stabb – the individual who Plaintiff claims discriminated against her because he did not extend her employment past her pre-established layoff date – was (a) not the subject of Plaintiff's alleged sexual harassment complaints (Sam Phillips) (*see* ECF No. 9 ("FAC") ¶ 19); (b) not the manager who allegedly placed Plaintiff on an Improvement Required Notice in 2015 (Charles Rostocil) (*see* ECF No. 1 ("Verified Complaint") ¶ 24), and (c) not the manager who allegedly denied Plaintiff a promotion in 2017 (Subramanian) (*see* FAC ¶ 30). Plaintiff's failure to name these perpetrators necessarily limited the scope of her EEOC Charge and would not have led to an investigation into Plaintiff's retaliation claims.

///

5
DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS                                    Case No. 2:21-cv-0054 KJM DB

Indeed, the alleged discriminatory act specified in the Charge occurred when Plaintiff was working in a different department than the department where Plaintiff worked when she made her sexual harassment complaint to Human Resources.  Specifically, Plaintiff transferred to a new department (Information Technology), worked under a new manager (Subramanian), and received a new title (Department Compliance and Controls Manager) shortly after she allegedly complained to Human Resources in 2015 about her coworker's harassing conduct. (Verified Complaint ¶¶ 28-30.) On or about January 18, 2018, Plaintiff was informed that she was being laid off, effective March 31, 2018, due to a department-wide reorganization effort. (FAC ¶ 41.) Plaintiff was then denied a layoff extension and was not re-hired. (FAC ¶ 45.) Because Plaintiff's internal transfer meant she was working with different coworkers and under a different manager and because it was her new department that committed the alleged discriminatory act, an EEOC investigation into the circumstances surrounding Plaintiff's layoff in 2018 would not have led to an investigation about alleged retaliation based on Plaintiff's complaints to Human Resources two years prior.

In sum, the retaliation claims in the FAC are not reasonably related to the discrimination claims in Plaintiff's Charge such that an EEOC agent would have been expected to investigate the retaliation claims.  Plaintiff has failed to exhaust her administrative remedies.

### C. This Case Mirrors *Gerald v. Locksley*

As discussed in Defendant's Motion to Dismiss, Plaintiff cannot avoid the same fate as the plaintiff in *Gerald v. Locksley*, 785 F.Supp.2d 1074 (D.N.M. Aug. 1, 2011). In *Gerald*, the plaintiff filed a lawsuit against the defendant, his former employer, for retaliation and race discrimination under Title VII. *Id.* at 1085. However, the plaintiff's EEOC charge did not check the box for "retaliation" and, in the narrative section of his EEOC charge, the plaintiff only stated that he "reported [his discriminatory working terms and conditions] to management and nothing was done." *Id.* at 1114. The defendant moved to dismiss the plaintiff's retaliation claims for failure to exhaust administrative remedies, arguing that the plaintiff failed to check the "retaliation" box on his EEOC Charge and failed to present sufficient information that could reasonably be expected to lead the EEOC to investigate a retaliation claim. *Id.* The plaintiff countered that his statement that he "reported this to management and nothing was done" saves his retaliation claim and

overcomes the presumption that his failure to check the retaliation box created.  *Id.*  The court ruled in the defendant's favor and, importantly, rejected the plaintiff's argument by reasoning as follows:

> Plaintiff's assertion that 'nothing was done' does not sound in retaliation, because it does not suggest that Plaintiff suffered an adverse employment action in response to his protected activity.  A reasonable reader would understand that Plaintiff's mention of management inaction as merely an explanation leading up to the gist of his complaint of discrimination.

*Id.*

The facts in *Gerald* mirror those in this case.  Accordingly, as in *Gerald*, Plaintiff's claims for retaliation should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's Third and Fourth Causes of Action with prejudice.

Dated:  April 30, 2021                                              JACKSON LEWIS P.C.

                                                       By:      */s/ Scott P. Jang*
                                                                Scott Philip Jang
                                                                Hardev S. Chhokar
                                                                Attorneys for Defendant
                                                                INTEL CORPORATION

4832-2286-2567, v. 1
4832-2286-2567, v. 1